UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SCOTT FRANCIS ICEBERG<br><br>Plaintiff,<br>v.<br><br>OFFICE OF ADMINISTRATIVE HEARINGS, JOHNETTE SULLIVAN in her official capacity, et al.<br><br>Defendants. | No. 2:20-cv-00742 RSM<br><br>COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND FOR COMPENSATORY RELIEF |

## I.   INTRODUCTION

1.   Plaintiff is a disabled individual who sought and was denied a reasonable accommodation/modification necessary to access the services that the Office of Administrative Hearings provides. Plaintiff attempted to utilize the Office of Administrative Hearings on multiple occasions in order to resolve multiple disputes with the Division of Vocational Rehabilitation. Due to Defendant's refusal to provide a needed and reasonable accommodation/modification plaintiff is and has been unable to access the administrative hearing process which Defendants provide.

COMPLAINT -- 1

Scott Francis Iceberg
4902 148th St Sw
Edmonds, WA 98026
425-480-9104

## II. JURISDICTION AND VENUE

2. The superior court has personal and subject matter jurisdiction over claims for requested relief against the State and state officers. RCW 7.24.010. Plaintiffs have arranged for timely service of process on the attorney general pursuant to RCW 7.24.110.

3. Venue is proper in this court because plaintiff resides in King County. RCW 4.92.010(1).

## III. PARTIES

4. Plaintiff Scott Francis Iceberg is a resident of Kirkland, Washington. Plaintiff has been diagnosed with, and currently suffers from, Complex Post Traumatic Stress Disorder, Panic Disorder, Persistent Depressive Disorder, Generalized Anxiety Disorder, and Ulcerative Colitis.

5. Defendant Office of Administrative Hearings is tasked with serving as the grievance/complaint mechanism for individuals who disagree with decisions made by the Division of Vocational Rehabilitation. An individual who disagrees with a decision made by the Division of Vocational Rehabilitation must participate in an Administrative Hearing, overseen by an Administrative Law Judge.

6. Defendant Johnette Sullivan is an Administrative Law Judge employed by the Office of Administrative Hearings. She is the designated compliance person as required by ADA Title II implementing regulations promulgated by the United States Department of Justice. 28 CFR 35.107. As an administrative function, Ms. Sullivan is tasked with approving or denying accommodation/modification requests made under the ADA Title II, and WLAD.

COMPLAINT -- 2

## IV. RELEVANT ALLEGATIONS

7. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

8. Under the ADA the term "disability" means a physical or mental impairment that substantially limits one or more major life activities; a record of such an impairment; or being regarded as having such an impairment. 42 U.S. Code § 12102(1). Plaintiff satisfies all three prongs.

9. Under the WLAD "Disability" means the presence of a sensory, mental, or physical impairment that is medically cognizable or diagnosable; or exists as a record or history; or is perceived to exist whether or not it exists in fact.

10. Plaintiff is substantially limited in the major life activities of caring for oneself, eating, sleeping, speaking, concentrating, thinking, communicating, and working. Plaintiff is substantially limited in the major bodily functions of the immune system, bowel, and digestive system.

11. When engaging in adversarial interactions, especially with individuals in positions of authority, such as those commonly encountered when litigating a lawsuit in a court of law, Plaintiff suffers severe stress, which greatly aggravate his disability, and render him unable to function. Under such situations Plaintiff experiences severe and traumatizing panic attacks which generally render him unable to effectively communicate. Under such situations Plaintiff may lose control of his bowels and/or defecate blood.

12. Plaintiff's disabilities are so severe that since 2012 he has been a recipient of Social Security Disability Insurance. An individual who qualifies for SSDI quite obviously satisfies the definition of disability set forth under the ADA Title II, and Washington Law Against Discrimination.

13. From 2014 until the present Plaintiff has attempted to access services form the Division of Vocational Rehabilitation, as part of the Social Security Administration's Ticket to Work Program. During this time Plaintiff encountered severe discrimination perpetrated by DVR. DVR repeatedly refused to provide needed and reasonable accommodations/modifications, among other transgressions. For all intents and purposes and as far as Plaintiff can tell the OAH hearing process serves as the grievance/complaint mechanism DVR is required to employ as per 28 CFR 35.107(b)

COMPLAINT -- 3

Scott Francis Iceberg
4902 148th St Sw
Edmonds, WA 98026
425-480-9104

14. From 2016 until present Plaintiff has attempted to access the OAH hearing process. Plaintiff found that solely due to his disability and the barriers to access presented by OAH that he was unable to do so. Due soley to his disability Plaintiff has been repeatedly and consistently unable to perform certain activities which are inherent and required in order to successfully access the court system, or in this case litigate a complaint/grievance in an administrative hearing. These may include, but are not limited to:

Gathering, organizing, and presenting evidence
Responding to communications in a timely and thorough manner
Confronting authority figures in an adversarial manner
Maintaining focus and concentration
Verbally articulating in a concise and fluid manner

15. In order to allow Plaintiff access to the OAH process despite his disability Plaintiff requested the accommodation/modification that OAH provide Plaintiff with a representative, such as a legal aide or attorney. Johnette Sullivan repeatedly denied said request, without demonstrating it to be a fundamental alteration, undue burden, or direct threat.

16. Johnette Sullivan informed Plaintiff that OAH had provided an attorney to an individual as an accommodation/modification in the past. This demonstrates that Plaintiffs request was reasonable; was not a fundamental alteration; undue burden; or direct threat.

17. Plaintiff engaged OAH in an interactive process until it was clearly futile to continue. Defendants often did not communicate in good faith, or otherwise sought to use specific knowledge of Plaintiff's disability to overwhelm him. Defendants often did not respond to the substance of Plaintiffs communications, but rather bombarded Plaintiff with nonsensical communications in order to overwhelm him, aggravate his disability, and otherwise discourage him from seeking the protections afforded under the ADA Title II and WLAD.

18. Plaintiff provided Defendants with ample opportunity to obtain any and all documentation possibly available in order to overwhelmingly demonstrate the need for the specific requested accommodation/modification of providing a representative. Defendants refused to obtain said documentation, despite doing so being simple, easy, and free of cost; demonstrating their requests for such documentation were disingenuous; not in good faith; or otherwise not required.

COMPLAINT -- 4

Scott Francis Iceberg
4902 148th St Sw
Edmonds, WA 98026
425-480-9104

## V.   CLAIMS FOR RELIEF

19. Plaintiff incorporate all preceding paragraphs as if fully set forth herein.

### A.   Violations of ADA Title II as amended in 2008

20. In Title II, the ADA prohibits discrimination in public services, including courts, and mandates that persons eligible for receipt of services not, because of disability, be excluded from participation or from the benefits, services or activities of a public entity. Administrators of public programs must take steps to accommodate persons with disabilities, unless the accommodation fundamentally alters the nature of an activity or program or constitutes an undue administrative or financial burden. 42 U.S.C. § 12182(b)(2)(A). This obligation may be enforceable by a suit for declaratory or injunctive relief, or money damages. 42 U.S.C. § 12133 (incorporating Rehabilitation Act remedies, 29 U.S.C. § 794(a)); 28 C.F.R. §§ 35.150(a)(3), 164.

21. Defendants had ample notice of the need for the accommodation/modification of providing a representative, yet failed, despite repeated requests, to act appropriately. Despite the request for a representative being needed and reasonable, Defendants deliberately denied said request, and deliberately failed to provide an alternative, yet equally effective, accommodation/modification

22. Plaintiff requests declaratory, injunctive, and monetary relief in the amount of $30,000

### B.   Violations of the Washington Law Against Discrimination

23. The WLAD declares that ―full enjoyment of any of the accommodations, advantages, facilities, or privileges of any place of public resort, accommodation, assemblage, or amusement, free from discrimination because of disability or the use of a trained dog guide or service animal, ―is recognized as and declared to be a civil right, enforceable by an administrative complaint or a civil action for damages. RCW 49.60.030 et seq. Places of public accommodation are broadly defined. RCW 49.60.040(10).

24. Plaintiff requests declaratory, injunctive, and monetary relief in the amount of $30,000

COMPLAINT -- 5

Scott Francis Iceberg
4902 148th St Sw
Edmonds, WA 98026
425-480-9104

### C. Violations of the United States Constitution

25. Access to the courts is a fundamental right, the United States Supreme Court has held that Title II of the ADA is constitutionally valid. In Tennessee v. Lane, 124 S. Ct. 1978 (2004), the Court held that ―Title II unquestionably is valid…as it applies to the class of cases implicating the accessibility of judicial services[.]‖ Id. at 1993. The Court observed that the ―duty to accommodate is perfectly consistent with the well-established due process principle that within the limits of practicability, a State must afford to all individuals a meaningful opportunity to be heard' in its courts.‖ Id. at 1994 (quoting Boddie v. Connecticut, 401 U.S. 371, 379 (1971)).

26. Plaintiff requests declaratory and injunctive relief.

### D. Violations of the Washington State Constitution

27. The Washington State Supreme Court has held that the right of access to the courts is fundamental and preservative of all other rights, and that denial of access on the basis of poverty violates the Washington State Constitution. Carter v. University of Washington, 85 Wn.2d 391, 536 P.2d 618 (1975), and Housing Authority of King County v. Saylors, 87 Wn.2d 732, 557 P.2d 321 (1976) at (742)

28. Plaintiff requests declaratory, injunctive, and monetary relief in the amount of $100,000

## VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully pray for the following relief:

A. Entry of a declaratory judgment that Defendants failure to provide a representative as an accommodation/modification constitutes a violation of the ADA Title II, WLAD, United States Constitution, and the Washington State Constitution.

B. Entry of Injunctive relief requiring Defendants to provide a representative to Plaintiff so that he may access the OAH process in relation to multiple disputes with the Division of Vocational Rehabilitation.

COMPLAINT -- 6

Scott Francis Iceberg
4902 148th St Sw
Edmonds, WA 98026
425-480-9104

C.      Entry of a monetary judgment against Defendants in the total amount of $ 100,000

D.      That the Court exercise continuing jurisdiction during the enforcement of its judgment;

E. Such other and further relief as may follow from the entry of a declaratory judgment; and

F. Any further relief that this Court may deem just and proper.

DATED this 18th day of May, 2020

>       Scott Francis Iceberg
>       12730 126th Way NE Apt F11
>       Kirkland, WA 98034
>       206-619-6241
>
>       Plaintiff in propria persona

COMPLAINT -- 7