UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SCOTT FRANCIS ICEBERG, | CASE NO. C20-742 RSM |
| Plaintiff, | ORDER ON PENDING MOTIONS |
| v. | |
| OFFICE OF ADMINISTRATIVE HEARINGS, and JOHNETTE SULLIVAN, | |
| Defendants. | |

This matter is before the Court on Plaintiff's motions seeking appointment of counsel and service by the United States Marshal. Dkts. #11 and #13.[1] Finding the motions premature, the Court denies the motions without prejudice to refiling.

Plaintiff filed a Declaration and Application to Proceed In Forma Pauperis and Written Consent for Payment of Costs on May 16, 2020, along with a proposed Complaint for Declaratory, Injunctive, and for Compensatory Relief. Dkt. #1. Plaintiff, however, omitted a portion of page two of his application to proceed *in forma pauperis* ("IFP Application") and did

---

[1] Plaintiff has also submitted a miscellaneous filing that indicates, in substance, that Plaintiff requests that this "Court submit service of the complaint and summons to Defendants OAH, and Johnnette [sic] Sullivan via the US Marshal [sic] as counsel for the Defendants have refused to waive service of summons." Dkt. #16 at 2. As Plaintiff has already sought such relief, the Court disregards that filing.

ORDER – 1

1  not properly sign his proposed complaint.  As such, the Clerk sent Plaintiff a letter requesting
2  that he remedy the deficiencies.  Dkt. #2.  Despite being mailed to the two addresses provided by
3  Plaintiff, the Clerk's letter was returned each time as undeliverable.  Dkts. #6 and #9.[2]  Only after
4  Plaintiff filed his motion to appoint counsel, with an updated address, was the Clerk able to mail
5  Plaintiff relevant documents.  However, in the intervening time Defendants had appeared, the
6  parties submitted a joint status report, the Court entered a scheduling order, and Plaintiff sought
7  appointment of counsel.  Dkts. #4, #7, #8, and #11.  While the Court's Order Setting Trial Date
8  and Related Dates (Dkt. #8) was resent to Plaintiff, the Clerk's letter regarding deficiencies in
9  Plaintiff's initial filings was not.

10  At this point, Plaintiff's IFP Application has never been granted, the proposed complaint
11  has not been accepted for filing, the Clerk has not issued summonses, and Defendants have not
12  been served.[3]  Nevertheless, Plaintiff has filed his motions for appointment of counsel and service
13  by U.S. Marshal.  Both of these motions—at this time—require consideration of Plaintiff's IFP
14  status or the merits of the proposed complaint.  *See Weygandt v. Look,* 718 F.2d 952, 954 (9th
15  Cir. 1983) (in considering whether case is an exceptional case warranting appointment of
16  counsel, court must consider "both the likelihood of success on the merits and the ability of the
17  petitioner to articulate his claims pro se in light of the complexity of the legal issues involved");
18  FED. R. CIV. P. 4(c)(3) (requiring service where plaintiff is proceeding *in forma pauperis*); *Yates*
19  *v. Baldwin*, 633 F.3d 669, 672 (8th Cir. 2011) ("The officers of the court are required to 'issue
20  and serve all process' when a plaintiff proceeds *in forma pauperis*, 28 U.S.C. § 1915(d), but the

---

[2] The Court's Order Setting Trial Date and Related Dates (Dkt. #8) was likewise returned as undeliverable to Plaintiff at the address previously provided (Dkt. #10).

[3] Dkt. #7 at 5 (parties indicating that "Defendants have not yet been served" and that Defendants' counsel had provided the pro se Plaintiff some measure of assistance in accomplishing service).

ORDER – 2

district court correctly explained that because [plaintiff] failed to qualify under § 1915, he was not entitled to have the clerk's office issue and serve all process.").

Accordingly, having considered the motions, the briefing, and the remainder of the record, the Court hereby finds and ORDERS:

1. Plaintiff's Motion for Appointment of Counsel (Dkt. #11) is DENIED without prejudice to refiling.
2. Plaintiff's Motion to Submit Service via the US Marshall [sic] (Dkt. #13) is DENIED without prejudice.
3. The Clerk is DIRECTED to resend the prior letter regarding IFP Application and Complaint deficiencies to Plaintiff's updated address of record.
4. Plaintiff is DIRECTED to remedy the identified deficiencies within thirty (30) days.
5. Plaintiff is ADVISED that his failure to remedy the deficiencies may result in dismissal of this action.
6. Should Plaintiff remedy the previous deficiencies, the Clerk is DIRECTED to refer Plaintiff's IFP Application to a United States Magistrate Judge for consideration.
7. The Clerk is DIRECTED to mail a copy of this Order to Plaintiff at his updated address of record.

Dated this 14th day of October, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 3